UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HASSAN AMHIRRA,<br><br>               Petitioner,<br>    v.<br><br>WARDEN, Northwest Detention Center,<br><br>               Respondent. | CASE NO. 2:25-cv-01376-TL<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Petitioner Hassan Amhirra's Motion for Temporary Restraining Order ("TRO"). Dkt. No. 2. Having reviewed the motion and Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Dkt. No. 1 ("Petition")), Petitioner's motion is DENIED.

//

//

//

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER - 1

I.     **BACKGROUND**[1]

Petitioner Hassan Amhirra is a native and citizen of Morocco. Dkt. No. 1 ¶ 1. In 2024, Petitioner fled his home country due to fear of persecution and arrived in the United States. *Id.* ¶ 47. His native language is Tamazight, a rare Amazigh/Berber language. *Id.*; *see also id.* ¶ 53.

Petitioner has been detained at the Northwest Detention Center ("NWDC") in Tacoma, Washington, since September 15, 2024, when he was taken into custody by Immigration and Customs Enforcement ("ICE"). Dkt. No. 2 at 5. Petitioner was initially detained pursuant to removal proceedings. *Id.* However, the Department of Homeland Security ("DHS") was unable to secure a Tamazight interpreter, which is the only language Petitioner understands. *Id.* On December 13, 2024, an Immigration Judge terminated Petitioner's removal proceedings due to DHS's inability to communicate with Petitioner in a language he understands, noting that DHS's failure to provide interpretation in Tamazight made it impossible to proceed with removal without violating Petitioner's right to due process. *Id.* at 5–6; *see also* Dkt. No. 1 ¶¶ 5–6. The termination was entered without prejudice. Dkt. No. 2 at 6.

Since the Immigration Judge's termination order, DHS has taken no action to restart removal proceedings or remove Petitioner; however, Petitioner remains in ICE custody. *Id.* Last week, on July 16, 2025, Petitioner's request for a bond hearing in immigration court was denied for lack of jurisdiction, as no removal proceedings were—or are—pending. *Id.* at 7.

Petitioner filed the instant action, accompanied by the present motion for temporary restraining order, seeking immediate release from ICE custody or, in the alternative, an order for

---

[1] The facts in this section are taken from Petitioner's motion. However, Petitioner's counsel is cautioned that Local Civil Rule 7(b) requires that "[i]f [a] motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion." Petitioner's counsel certified in their applications to appear *pro hac vice* that they "understand that [they are] charged with knowing and complying with all applicable local rules." Dkt. Nos. 4, 5.

1  Respondent to provide Petitioner with an expedited bond hearing by a date certain before an
2  immigration judge or other neutral adjudicator. *Id.* at 18. To date, Respondent has not filed a
3  response to Petitioner's motion.

## II.   LEGAL STANDARD

A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is "never awarded as of right." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting the analysis for a TRO and a preliminary injunction are substantially identical), *overruled on other grounds by Winter*, 555 U.S. 7. "TROs serve a limited purpose: 'preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.'" *Rodriguez v. Bostock*, No. C25-5240, 2025 WL 1655483, at *3 (W.D. Wash. May 19, 2025) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (9174)).

A party seeking a TRO must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of the preliminary relief; (3) that a balancing of equities tips in favor of the injunction; and (4) that the injunction is in the public interest. *Winter*, 555 U.S. at 20. While all four *Winter* elements must be satisfied, the Ninth Circuit permits a "sliding scale" approach as to the first and third factors: "[W]hen the balance of hardships tips sharply in the plaintiff's favor, the plaintiff need demonstrate only 'serious questions going to the merits,'" rather than showing a likelihood of success on the merits. *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011))); *Cottrell*, 632 F.3d at 1134–35 (holding that, after *Winter*, the "serious question" sliding scale survives in the Ninth Circuit, provided that the other two elements are also shown); *see also Winter*, 555 U.S. at 20–22 (rejecting an approach that

permitted mere "possibility" of irreparable harm if there is a strong likelihood of success on the merits).

### III.  DISCUSSION

Based on the Court's preliminary review of the record, the nature of the relief sought by Petitioner—immediate release from ICE custody or, in the alternative, an order for Respondent to provide Petitioner with an expedited bond hearing by a date certain—is inconsistent with the temporary purpose of a TRO. *See Rodriguez*, 2025 WL 1655483, at *4.

"[T]emporary restraining orders are no doubt necessary in certain circumstances . . . but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Rodriguez*, 2025 WL 1655483, at *4 (quoting *Granny Goose Foods, Inc.*, 415 U.S. at 439); *see also Lotusflower v. Headley*, No. C24-5948, 2025 WL 887329, at *1 (W.D. Wash. Mar. 21, 2025). Here, like in *Rodriguez*, Petitioner's request to be immediately released or for the Court to direct Respondent to hold an expedited bond hearing would not "'preserve the status quo' until a full hearing on the merits, but necessarily change it." *Rodriguez*, 2025 WL 1655483, at *4 (citing *Granny Goose Foods, Inc.*, 415 U.S. at 439); *see also Lotusflower*, 2025 WL 887329, at *1 (finding that allegations were "admittedly harrowing," but that request to be transferred out of facility plaintiff had resided in for over a month did not demonstrate the immediacy required for a TRO or represent a request to preserve the status quo). Although the Court may, upon a motion for preliminary injunction, grant Plaintiff's requested relief, that would be an appealable order occurring after full briefing and would be intended to last for the remainder of the litigation. *See Rodriguez*, 2025 WL 1655483, at *4.

Further, "given that the U.S. federal jurisprudence 'runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides

of a dispute . . . , courts have recognized very few circumstances justifying the issuance of an *ex parte* TRO.'" *Kovalenko v. Epik Holdings Inc.*, No. C22-1578, 2022 WL 16737471, at *2 (W.D. Wash. Nov. 7, 2022) (omission in original) (quoting *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)). In line with this principle, Federal Rule of Civil Procedure 65(b) provides that:

> (a)(1) **Notice.** The court may issue a preliminary injunction only on notice to the adverse party.
>
> . . . .
>
> (b)(1) **Issuing Without Notice.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

(emphases added). Further, Local Civil Rule 65 provides:

> Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.

LCR 65(b)(1).

Petitioner fails to make the requisite showing of either element required for the issuance of a TRO. First, Petitioner has not included facts in an affidavit or a verified petition clearly

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER - 5

showing that immediate and irreparable injury, loss, or damage will result to the movant before Respondent can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A).[2]

Second, Petitioner has not demonstrated adequate notice to Respondent as required by Federal Rule of Civil Procedure 65(b)(1)(B) or Local Civil Rule 65. Petitioner's motion notes that "[o]n July 22, 2025, Counsel Ati gave notice by phone to the US Attorney for the District of Nebraska Civil Chief of Petitioner's intent to file the above motion," and "provided the same information by phone conversation to the front desk clerk for the US Attorney's Office – Omaha branch." Dkt. No. 2 at 20. But Petitioner has been detained at a facility in Tacoma, Washington, since December 2024. While Petitioner includes a certificate of notice of intent, Petitioner does not explain why notification of Petitioner's intent to file the instant motion was made to the United States Attorney's Office in a different jurisdiction with no apparent connection to the facts of this case or why Petitioner could not (or should be excused from) notifying the United States Attorney's Office in the Western District of Washington, where the facility at which Petitioner is detained is located. *See generally* Dkt. No. 2. Respondent has entered no notice of appearance in this action, and there is no evidence that Respondent was ever provided notice of the instant motion. Accordingly, the Court cannot grant Petitioner's request for a TRO without a certification of adequate notice to Respondent or a basis for issuing an *ex parte* TRO before Respondent can be heard. *See, e.g.*, *Kovalenko*, 2022 WL 16737471, at *2 (denying TRO because plaintiff failed to meet requirements for a TRO without notice).

//

//

//

---

[2] *See also supra* n.1; LCR 7(b).

## IV. CONCLUSION

Accordingly, the Court DENIES Petitioner's motion. However, the Court advises Petitioner that he may still seek a preliminary injunction that allows for full briefing or, if appropriate, pursue alternative paths for relief.

Dated this 23rd day of July 2025.

_____
Tana Lin
United States District Judge

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER - 7