UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HASSAN AMHIRRA,<br><br>                Petitioner,<br><br>    v.<br><br>WARDEN, NORTHWEST DETENTION CENTER,<br><br>                Respondent. | CASE NO. 2:25-cv-01376-TL-BAT<br><br>**ORDER DIRECTING PARTIES TO FILE THIRD STATUS REPORT AND RE-NOTING MOTIONS** |

      Petitioner Hassan Amhirra has been detained at the Northwest Detention Center in Tacoma, WA for over a year, since September 15, 2024. Dkt. 1. He contends his immigration detention has been unconstitutionally prolonged due to Respondent's failure to provide an adequate interpreter in Petitioner's native language, Tamazight. He claims no adequate interpreter was provided at immigration proceeding hearings on November 5, 2024, November 19, 2024, July 16, 2025, July 31, 2025, August 18, 2025, September 2, 2025, and September 12, 2025. Dkt. 25 at 4.

      On August 28, 2025, the Court denied Petitioner's motion to expedite the briefing schedule on his preliminary injunction because of the possibility that an adequate interpreter might be provided at an impending hearing on September 2, 2025, which would impact the case.

ORDER DIRECTING PARTIES TO FILE
THIRD STATUS REPORT AND RE-NOTING
MOTIONS - 1

Dkt. 20. The Court directed Respondent to file a status report after the September 2 hearing. However, after the hearing, Petitioner indicated that "no interpreter proficient in Mr. Amhirra's sole language (Tamazight, Aulouz dialect) was available." Dkt. 21. Respondent failed to file a status report or otherwise respond to Petitioner's contention about the September 2 hearing.

As Petitioner had another hearing scheduled for September 12, 2025, the Court again directed the parties to file status reports regarding whether an adequate interpreter was afforded at that hearing. Dkt. 24. Petitioner's status report stated that a court-provided interpreter was present, but that both the interpreter and Petitioner "expressly stated on the record that they were having difficulty understanding each other's dialects." Dkt. 25. Respondent's status report stated that the interpreter said she could understand Petitioner but Petitioner had trouble understanding the interpreter, though "it does appear that the interpreter could communicate with Amhirra when asked to do so by the immigration judge." Dkt. 26. Both parties indicated that the immigration judge stated that the court would continue to try to find a suitable interpreter. Petitioner filed a response to the government's status report, arguing that the interpretation was inadequate, that the interpreter stated on the record "I don't think he's able to understand my dialect" and "I understand a little bit," and that the interpreter shifted between Arabic, French, Berber, and Tamazigh in an attempt to be understood. Dkt. 31.

The Court notes that yet another hearing is scheduled for October 28, 2025. Therefore, the Court **ORDERS** the parties to file separate status reports by November 4, 2025, as to (1) whether an adequate interpreter was afforded at the October 28 hearing and (2) if not, the prospects for providing an interpreter in the foreseeable future. The Clerk is directed to re-note Petitioner's Motion for Preliminary Injunction, Dkt. 14, and the government's Motion to Dismiss, Dkt. 16, for November 7. The parties are advised, however, that if an adequate

interpreter is not sourced for the October 28 hearing, the motions will not be re-noted again in anticipation of another hearing absent a specific showing that an interpreter capable of communicating with Petitioner has been afforded. Petitioner's contention, that removal is not reasonably foreseeable because of the failure to provide adequate interpretation, will be evaluated on the basis of the record after the October 28 hearing.

DATED this 22nd day of September, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DIRECTING PARTIES TO FILE
THIRD STATUS REPORT AND RE-NOTING
MOTIONS - 3